ELEANOR DALTON, Respondent, *v.* COSTES DRITRAS, as President, and SAM KRAMBERG, as Treasurer of Cafeteria Employees Union, Local 302, Appellants.

Submitted May 17, 1943; decided June 18, 1943.

*Max Delson* for appellants.

*Elsie E. Kovacs* and *Leon R. Nemore* for respondent.

*Per Curiam.* In this action to recover death benefits because of the death of her husband who was a member of the defendant union, plaintiff's asserted right depends upon article XI of the Union's by-laws. Only dependents of a member of the Union who dies in good standing are entitled to receive death benefits (art XI, § 1) and this right is subject to and expressly limited by rules, regulations, definitions and exceptions specified in the subsequent sections of article XI, including section 3 which provides: " 3. A member in good standing within the meaning of this Article is one who for the year just prior to his death has fully paid all dues, assessments and fines of Local 302 falling due within said year, and who had not been in arrears more than two calendar months at a time within said year." Thus the prescribed condition is not merely that there shall be no arrears when death occurs, but that there shall not have been arrears for more than two calendar months at a time within one year prior to death.

It was conceded upon the trial that for the year immediately preceding his death, Edward Dalton (plaintiff's deceased husband) had been in arrears more than two months at a time. The courts below erroneously held plaintiff entitled to recover because Dalton was not in arrears at the time of his death. We could not hold that acceptance of payment of arrears before death waives or removes the further condition imposed by section 3 of article XI except by striking it out. This we may not do.

The judgments should be reversed and the complaint dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.